# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AKUBE WUROMONI NDOROMO,    )
a/k/a AKIUBER NDOROMO JAMES,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil Action No. 26-0195 (UNA)
    )
PAM BONDI,    )
    )
    Defendant.    )

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2), and his *pro se* complaint (ECF No. 1). The Court GRANTS leave to proceed *in forma pauperis* and DISMISSES the complaint without prejudice.

Rather than alleging facts, the complaint appears to quote portions of transcripts from Plaintiff's criminal case. *See generally* Compl. at 6-20. It further appears that Plaintiff was convicted of criminal offenses and that certain property has been seized and forfeited. *See, e.g., id*. at 1-2. The court understands Plaintiff to challenge his conviction and sentence, to demand compensation for wrongful imprisonment and other harms he has suffered, and to challenge the property forfeiture. *See id*. at 24. Plaintiff is entitled to none of the relief he purportedly seeks.

First, a challenge to his conviction and sentence would proceed in the sentencing court by motion under 28 U.S.C. § 2255, and Plaintiff's efforts failed long ago, *see United States v. Akiuber Ndoromo James*, No. 1:06-cr-0019 (D.D.C. June 18, 2008) (Minute Entry) (denying Petitioner's § 2255 motion); *see also United States v. Akiubir Ndoromo James*, No. 06-cr-0019 (D.D.C. Nov. 8, 2012) (ECF No. 157) (denying petition for writ of habeas corpus construed as one under 28 U.S.C. § 2241). Second, to the extent Plaintiff demands compensation for a

1

wrongful conviction and sentence, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars such relief. "[I]n in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff does not demonstrate that his conviction has been overturned or otherwise rendered invalid, without which his demand for compensation fails. Third, Plaintiff's challenge to property forfeiture has been considered and rejected. *See United States v. $455,273.72*, No. 05-cv-0356 (D.D.C. Sept. 26, 2011), *aff'd*, No. 11-5327 (D.C. Cir. Mar. 7, 2012).

An Order is issued separately.


/s/
TANYA S. CHUTKAN
DATE: March 20, 2026                          United States District Judge

2